# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GARY W. FARRIS, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )     No. 4:15-CV-01728 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Gary Farris' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. Nos. 1, 3). Because the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record, the Court decides this matter without an evidentiary hearing. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). For the following reasons, the motion will be denied.

**Background**

Farris pled guilty in 2004 to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) (Count I) and possession of a firearm with the serial number removed or obliterated in violation of 18 U.S.C. § 922(k) and § 924(a)(1)(B) (Count II). He was sentenced to concurrent terms of 115 months on Count I and sixty months on Count II, as well as three years of supervised release. Case No. 6:03-CR-03163-BCW-1 (W.D. Mo.). On February 28, 2013, Farris' supervision was revoked and he was sentenced to eight months imprisonment

on Counts I and II, followed by two years of supervised release, beginning on July 26, 2013. On January 31, 2014, jurisdiction for Farris' supervision was transferred to this Court.

On February 2, 2015, Farris was arrested by the Rolla, Missouri Police Department and charged with attempted felony theft and felony resisting arrest in the Circuit Court of St. Francois County, Missouri under cause number 15PH-CR00141.[1] On February 25, 2015, Farris's federal probation officer petitioned to revoke his supervised release. The petition alleged that Farris violated the general condition that he not commit another crime by attempting to steal an ATV and resisting arrest. The petition also alleged that Farris violated other conditions of his supervised release by using methamphetamine, failing to report, failing to take urinalysis tests, and consuming alcohol. Farris waived his right to a preliminary hearing. At his final supervised release revocation hearing on July 8, 2015, Farris waived his right to a full revocation hearing and admitted the violations of his supervised release. The Court sentenced him to twenty-one months imprisonment, with no further supervised release.[2]

On November 19, 2015, Farris filed a letter with the Court detailing his request for relief under 28 U.S.C. § 2255. (Doc. No. 1). Farris filed a formal motion under § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on December 11, 2015. (Doc. No. 3). In that motion, Farris claims that his sentence should be vacated and that he should be immediately released from custody based on ineffective assistance of counsel at his supervised release hearing. The Government responded to the motion on February 22, 2016. (Doc. No. 10). However, the Court notes that the Federal Bureau of Prisons Inmate Locator website indicates

---

[1] On April 27, 2015, Farris pled guilty and was sentenced to 120 days in jail on each count to run concurrently.

[2] Farris filed a notice of direct appeal on July 20, 2015. His appeal was dismissed for failure to prosecute.

Farris was released on December 9, 2016. This raises the question of whether Farris' § 2255 motion is rendered moot by his release from custody.

**Mootness inquiry**

A petition for habeas corpus must be filed while the petitioner is in custody. See Maleng v. Cook, 490 U.S. 488 (1989). Once a sentence has expired, a habeas petitioner must show a concrete and continuing injury, i.e., a collateral consequence of the conviction, in order to continue his action. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Georges v. United States, No. 4:07CV01463 ERW, 2008 WL 2020205, at *1 (E.D. Mo. May 8, 2008). In the instant case, Farris did file his § 2255 motion while in custody, but as noted above, he has since been released.

In his motion Farris specifically alleges his counsel was ineffective for (1) failing to subpoena certain documents which he claims would have shown "false accusations" in the violation report; and (2) coercing him into pleading guilty by telling him he would receive a more lenient sentence. (Doc. No. 3 at 4-5). To the extent Farris is challenging his sentence, even if the Court were to rule in his favor, such a holding would have no effect; nothing exists to remedy as he has already been released. Therefore, his claims are now moot. See Beachem v. Schriro, 141 F.3d 1292, 1293-94 (8th Cir. 1998) (challenge to detainer is moot once detainer removed).

To the extent that Farris is challenging not just his sentence, but also his conviction, the completion of his sentence does not necessarily render his motion moot. See Lane v. Williams, 455 U.S. 624, 631 (1982). Farris' motion can survive the mootness inquiry if he can show collateral consequences from his allegedly unlawful criminal conviction. Hohn v. United States, 262 F.3d 811, 817 (8th Cir. 2001). Collateral consequences are presumed to stem from a criminal

conviction. Sibron v. New York, 392 U.S. 40, 57 (1968); Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995). Because the Court does not have the benefit of briefing on this issue, the Court will presume without deciding that Farris could invoke the exception to the mootness doctrine that his collateral injuries survive after his release from incarceration, see McKanry v. United States, No. 4:12CV64 CAS, 2015 WL 475970, at *2 (E.D. Mo. Feb. 4, 2015), and address the merits of his § 2255 motion.

**Legal standard**

Farris' only ground for relief is ineffective assistance of counsel. A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.1996). A movant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." Anderson v. United States, 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Id. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

The first prong of the Strickland test – attorney competence – is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for

4

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The admission of violations of conditions of supervised release is the equivalent of a guilty plea. See Smith v. U.S., No. 4:10CV1916 CDP, 2011 WL 6181210, at *2 (E.D. Mo. Dec. 13, 2011).

**Discussion**

Farris alleges his counsel was ineffective for (1) failing to subpoena certain documents which he claims would have shown "false accusations" in the violation report; and (2) coercing him into pleading guilty by telling him he would receive a more lenient sentence. (Doc. No. 3 at 4-5). Farris fails to explain how work records, hospital records, alcohol monitoring records and text messages between himself and counsel would have changed the result of the hearing, particularly in light of the strong evidence against him, including the testimony of the arresting officer, his federal probation officer, and the results of his urinalysis and alcohol monitoring bracelet. Notably, Farris does not claim that he would have proceeded with a hearing or that he did not violate the conditions of his supervised release. Given that this was Farris's second revocation hearing, counsel's advice to waive the hearing was a matter of sound strategy focused on securing a more favorable sentence for Farris, which is given great deference by the Court. See Strickland, 466 U.S. at 689. Indeed, Farris received the minimum term of imprisonment recommended by the sentencing guidelines.

Moreover, a review of the record shows Farris admitted to the violations and repeatedly stated he understood he was waiving his rights associated with a hearing. (Case No. 4:14-CR-00020, Doc. No. 35 at 5-10). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Therefore, "while a guilty plea taken in

open court is subject to collateral attack, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir.) (internal quotation marks and citations omitted), *cert. denied,* 493 U.S. 941 (1989). Farris was given an opportunity to address the Court but expressed no dissatisfaction with his attorney. (Id. at 21).

For all of these reasons, Petitioner's request for habeas relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1, 3] are **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U .S. 834 (1998).

Dated this 24th day of January, 2019.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**